# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **SANTIAGO JOSE MARCANO-HERNANDEZ, ET AL,** <br><br> Defendant. | **CRIMINAL NO.**: 19-776 (DRD) |

## OPINION AND ORDER

Pending before the Court is the Government's *Motion for Pre-Trial Determination of Jurisdiction*. See Docket No. 62. Through said *Motion*, the Government requests from the Court a pre-trial determination as to the jurisdiction of the U.S. Court Guard to intervene with the fishing vessel ("Kaluchi") -which flew a Venezuelan flag-, its cargo and crew, off the coast of Mona Island, Puerto Rico.[1] In support of its request, the Government provided the Court with a Certification, subscribed by Commander David M. Bartram of the U.S. Coast Guard ("Commander Bertram"), which in compliance with the Maritime Drug Law Enforcement Act ("MDLEA"), certifies that the Venezuelan Government waived its primary right to exercise jurisdiction over the Kaluchi, its cargo and crew, to the extent necessary for the enforcement of United States law.

Opportunely, Mr. Santiago J. Marcano-Hernández, Codefendant in the instant action, filed an opposition to the Government's *Motion*. In essence, Codefendant proffers that the referenced Certification fails to comply with 46 U.S.C. § 70502 (c) (2) as it does not "indicate how the United

---

[1] The MDLEA establishes that "[j]urisdictional issues … are preliminary questions of law to be determined solely by the trial judge". 46 U.S.C. § 70504 (4). Consequently, the Court finds that the Government's *in limine* request is proper.

States obtained consent from the Venezuelan government. Title 46 U.S.C. § 70502 (c) (2) is very clear that consent may be obtained by radio, telephone, or similar oral or electronic means (Id)". Docket No. 63 at 3. After being afforded the opportunity to respond, the Government filed a *Brief Reply* to said opposition. See Docket No. 67.

After carefully reviewing the parties' positions, the Court hereby **GRANTS** the Government's *Motion* and therefore finds the U.S. Coast Guard validly obtained jurisdiction to intervene with the Kalichu, its cargo and crew.

## I. RELEVANT FACTUAL ALLEGATIONS

On or about November 18, 2019, a Joint Interagency Task Force South Marine Patrol Aircraft ("Marine Patrol Aircraft") detected a 45-foot fishing vessel (the "Kaluchi") as a target of interest, transiting approximately 115 nautical miles south of Mona Island, Puerto Rico. The United States Coast Guard Cutter ("CGC") Mohawk diverted to intercept the Kaluchi. Upon arriving on scene, the CGC launched a dingy-style vessel and conducted a "right of approach" on the Kaluchi.

The Marine Patrol Aircraft observed the Kaluchi change course to the south after its crew, presumably, spotted the Coast Guard's vessel. During that time, members of the Kaluchi crew jettisoned multiple packages; said jettisons were captured on video. The CGC searched the jettison position and recovered several empty plastic bags. The Kaluchi flew a Venezuelan flag; consequently, the CGC invoked the corresponding MDLEA process to confirm registry and receive permission form the flag state to stop, board and search. The government of Venezuela authorized the boarding of the vessel under presumptive flag state authority.

CGC officials reviewed the referenced video footage and determined that the Kaluchi was in fact the vessel captured jettisoning packages. Then, the CGC proceeded to use an IONSCAN

machine to conduct swipes on the crew; said swipes resulted in positive hits for amphetamine on four of the crew members. Subsequently, another government vessel, the U.S.S. Detroit, arrived on scene. The U.S.S. Detroit's boarding team conducted additional IONSCAN swipes of the vessel and crew resulting in positive hits for cocaine and Tetrahydrocannabinol (THC). As a consequence of the aforementioned events, on December 5, 2019, Codefendant and the remainder of the Kaluchi's crew were indicted for violations to of 46 U.S.C. §§ 70502, 70503 and 70503.

## II.  DISCUSSION

The MDLEA was enacted to address the trafficking of controlled substances aboard vessels. 46 U.S.C. § 70501. In its relevant part, the MDLEA states that a foreign vessel is subject to the jurisdiction of the United States "if [the foreign nation associated with the vessel] has consented or waived objection to the enforcement of United States Law by the United States". 46 U.S.C. § 70502 (c) (1) (C). In order to obtain said consent or waiver, the MDLEA specifically establishes that "[c]onsent of waiver of objection by a foreign nation to the enforcement of United States law by the United States under paragraph (1)(C) or (E) – (A) may be obtained by radio, telephone, or similar oral or electronic means; and (B) **is proved conclusively by certification of the Secretary of State or the Secretary's designee**." 46 U.S.C. § 70502 (c) (2) (emphasis provided).

As previously referenced, in strict compliance with 46 U.S.C. § 70502 (c) (2) (B), the Government provided the Court with a Certification, subscribed by Commander Bartram of the United States Coast Guard. In said Certification, Commander Bartram chronicled the relevant facts as to the intervention of the Kaluchi. As part of said account, Commander Bartram specified that "[o]n November 22, 2019, the United States Government requested that the Government of Venezuela waive its primary right to exercise jurisdiction over the vessel, its cargo, and its crew

3

to the extent necessary to enforce United States law." Docket No. 62-1 at 2. Moreover, the Certification states that "[o]n November 22, 2019, the Government of Venezuela waived its primary right to exercise jurisdiction over KALUCHI, its crew, and its cargo, to the extent necessary for the enforcement of United States law.". Id.[2]

Codefendant argues that, the Certification in question fails since its missing information as to how the U.S. Coast Guard obtained the consent required by the MDLAE. However, Codefendant's argument fails. In *U.S. v. Cardales-Luna*, 632 F.3d 731 (1st Cir. 2011), the First Circuit weighted over similar contentions and correctly dismissed them. In said case, the Defendant contended that "Commander Welzant's certification is deficient because it does not state the name of the Bolivian official involved or the exact time and means of the communication between the two governments.". Id. The First Circuit reasoned that, after the amendment made by Congress to 46 U.S.C. § 70502 (c)(2) in 1996:

> the Secretary of State (or her designee) need only certify that the "foreign nation" where the vessel is registered "has consented or waived objection to the enforcement of United States law by the United States." *Id.* § 70502(c)(1)(C). Such a certification is "conclusive [ ]," and any further question about its legitimacy is "a question of international law that can be raised only by the foreign nation." *United States v. Bustos–Useche,* 273 F.3d 622, 627 & n. 5 (5th Cir.2001).

*U.S. v. Cardales-Luna*, *supra*, at 736. See, also, *U.S. v. Vilches-Navarrete*, 523 F.3d 1, 11 (1st Cir. 2008); *U.S. v. Guerrero*, 114 F.3d 332, 340 (1st Cir. 1997) ("We acknowledge that the 1996 amendments to § 1903 provide that the Secretary of State's certification "conclusively" proves a foreign nation's consent"). Consequently, Codefendant's jurisdictional challenge is meritless. See, *U.S. v. Angulo-Hernandez*, 565 F.3d 2, 11 (1st Cir. 2009).

---

[2] The Court also notes that the Government attached to their request a Certificate, executed by the Secretary of State, that acknowledges that Commander Bertram has been designated as the Coast Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement Affairs. See Docket No. 62-1 at 3. In said capacity, Commander Bertram certified that he has been designated "to make certifications under 46 U.S.C.§§ 70502 (c)(2) & (d)(2)". Id. at 1.

Pursuant to the aforementioned precedents, the Court finds that the Certification provided by the Government in its *Motion* is sufficient to prove, conclusively, that the Venezuelan Government waived its primary right to exercise jurisdiction over the Kaluchi, its cargo and crew. Consequently, the Government's *Motion* is hereby **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on March 3, 2020.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge